## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| .     Daniel M. McBride<br><br>Plaintiff<br><br>v.<br><br>Luma Energy, LLC; Luma Energy Servco, LLC; Chubb Insurance Company; Universal Insurance Company; John Doe; Richard Roe a to z; "A" "B" and "C" Insurance Companies; et. al<br><br>Defendants | CIVIL NO.<br><br>RE: Torts; Negligence<br><br>**Plaintiff demands Trial by Jury** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW,** Plaintiff, Daniel McBride, through its undersigned attorney, and very respectfully states, alleges and prays as follows:

### I. THE PARTIES

1.     Plaintiff Daniel McBride (hereinafter "Mr. McBride") is of legal age, and domiciliary of the state of Arizona.

2.     Defendant, Luma Energy, LLC (hereinafter "Luma") is a business entity organized and existing under the laws of Puerto Rico, with its principal place of business in this jurisdiction. By information and belief, Luma was the owner and/or operator and/or tenant of the facility located at Caguas, P.R., where plaintiff Mr. McBride suffered the incident object of this Complaint, and the owner and/or operator of the vehicle that hit Mr. McBride as alleged in the instant case.

3.    Luma Energy Servco, LLC (hereinafter "Servco") is a business entity organized and existing under the laws of Puerto Rico, with its principal place of business in this jurisdiction. By information and belief, Servco was the owner and/or operator and/or tenant of the facility located at Caguas, P.R., where plaintiff Mr. McBride suffered the incident object of this Complaint, and the owner and/or operator of the vehicle that hit Mr. McBride as alleged in the instant case.

4.    Defendant John Doe is an unknown person and/or legal entity organized and existing under the laws of Puerto Rico with its principal place of business in this jurisdiction, whose acts and omissions were the cause of plaintiffs' injuries and damages. Defendant is designated with a fictitious name because its correct name is unknown at the present.

5.    Defendants Richard Roe a through z are unknown person(s) and/or legal entity(ies) organized and existing under the laws of Puerto Rico with its principal place of business in this jurisdiction, whose acts and omissions were the cause of plaintiffs' injuries and damages. Defendant(s) is/are designated with a fictitious name because its correct name(s) is/are unknown at the present.

6.    Chubb Insurance Company ("Chubb") is an insurance company organized and existing under the laws of Puerto Rico, with their principal place of business in this jurisdiction. By information and belief had in full force and effect an insurance policy covering the legal liability of defendant including unknown codefendants for the damages claimed herein.

7.    Universal Insurance Company ("Universal") is an insurance company organized and existing under the laws of Puerto Rico, with their principal place of business in this jurisdiction. By information and belief had in full force and effect an

insurance policy covering the legal liability of defendant including unknown codefendants for the damages claimed herein.

8.    "A" "B" and "C" Insurance Companies are the insurance companies organized and existing under the laws of Puerto Rico, with their principal place of business in this jurisdiction. At all relevant times herein, which had in full force and effect an insurance policy covering the legal liability of defendant including unknown codefendants for the damages claimed herein. "A" "B" and "C" Insurance Companies are designated with a fictitious name because their correct names are unknown at present.

## II. JURISDICTION

9.    This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 (a)(1) because it is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

## IV. FACTUAL ALLEGATIONS TO ALL DEFENDANTS

10.    At the time of the events giving rise to this case, plaintiff Mr. McBride was a healthy man and prior to the incident he followed all safety measures and wore all the safety protective equipment including gear, head lamps, steal boots and knee pads.

11.    On April 24th, 2024, on or about 8:00 P.M. Plaintiff Mr. McBride was positioned on his knees on the ground inside a small 2004 Chevy Colorado pick truck while installing a camera system below the driver's dashboard of a 2004 Chevy Colorado chevy pickup that was parked in Luma's Regional warehouse and/or shop premise located in Caguas, Puerto Rico when suddenly a large 2018 International heavy truck model 7000 7400 with plate number H75898 that was driven by a LUMA supervisor

named Peter Mueller Lizana ("Peter") slammed in while careless driving with the passenger side front bumper into the passenger rear side corner of Chevy Colorado while driving the large truck backwards into one of the bays near where Mr. McBride was working.

12.    As a result of the careless driving and unsafe driving behavior by Peter its resulted that the Chevy Pick Up was slammed from behind by the defendant's vehicle, the international truck shifted and lifted the Chevy pickup on a way that it the pressured Mr. McBride bent knees resulting in an immediate pain and agony and violently throw away Mr. McBride from the inside of the pickup to the adjacent ground that ends up Mr. McBride landing to his right side of the body.

13.    The police investigation later showed that the Peter" did not have a dully valid heavy vehicle license while driving the vehicle during the incident.

14.    Additionally, as a result of the incident Mr. McBride suffered physical traumas and was eventually taken to the Emergency Room of Centro Medico of Rio Piedras in an ambulance.

15.    Since Mr. McBride's discharge from Centro Medico's ER, he has not been able to return to work and has been receiving medical care in his hometown.

16.    Since the incident, Plaintiff Mr. McBride has been receiving medical treatment and continues under medical treatment due to the injuries suffered in the accident and his multiple bodily ailments resulting thereof.

17.    As a direct and proximate cause of the negligence of Defendants, including Luma, Servco and their insurers, including but not limited to Universal and CHUBB, Plaintiff sustained without limitation, severe and permanent injuries and physical impairment. Plaintiff's damages include but not limited to pre-impact cost and expenses, medical expenses in the past, medical expenses into the future,

inconvenience, disfigurement, mental anguish in the past, present, and in the future, physical pain and suffering in the past, present and in the future, that Plaintiff is expected to endure into the future and past, present and future loss of income.

## COUNT I
## NEGLIGENCE OF CODEFENDANTS

18.    Plaintiffs repeat and realleges paragraphs 1 to 17 of the complaint as if set forth at length herein.

19.    Article 1536 of the Puerto Rico Civil Code provides a general statute to tortious actions or omissions. P.R. Laws Ann. Tit. 31 § 10801. This article provides, in pertinent part, the following: "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done.

20.    Defendants have a duty to act reasonably and use due care while driving a heavy truck. These duties include, but are not limited to, maintaining proper speed for the conditions; avoiding careless driving; reducing speed or stopping to avoid a collision; maintaining a proper distance between vehicles; observing all traffic safety rules in effect; having a truck driving protocol in their premises; controlling her vehicle so as to avoid a collision; maintaining licensed heavy-duty drivers; not allowing that unlicensed drivers used their vehicles; avoiding negligence driving; supervising their personnel to avoid incidents, distractions and inattention; driving in a safe premise; watching blind spots; avoiding lack or disregard of safe driving conditions and reckless driving; among other duties.

21.    Defendants breached the aforementioned duties when Defendants failed to reasonably control the vehicle she was operating; failed to maintain a safe distance; and failed to reduce speed or stop to avoid a collision, and by reckless allowing

unlicensed heavy vehicle's driver operating a heavy truck like an International; resulting in a collision that struck the Plaintiff's vehicle from behind. Furthermore, defendants failed to observed all traffic safety rules in effect and/or the safety rules that should have been in effect; failed to have a truck driving protocol in their premises; failed to control her vehicle so as to avoid a collision; failed to maintain a licensed heavy-truck driver; failed by allowing that unlicensed driver used their vehicles; failed to supervise their personnel to avoid incidents; drive with distraction and inattention; allow a heavy truck be driven in an unsafe premise; failed to watch blind spots; drive with lack or disregard of safe driving conditions; reckless and careless driving; among others.

22.     Furthermore, Defendants LUMA and Servco are the owners and/or operators of the vehicles involved in the collision where Plaintiff suffered his injuries, and had these vehicles under its exclusive, care, custody and control. As owner and/or operator of the International heavy truck that slammed into the Chevy pickup that they also owned, the defendants had a non-delegable duty of liability and to comply with the applicable laws, rules and regulations. Defendants breached this duty by slamming through one of his employees and/or agents into the Chevy Truck that Mr. McBride was installing the cameras, and by driving in an unreasonably unsafe condition, defendants are liable for plaintiff's damages.

23.     Additionally, Defendants LUMA and SERVCO as the owners and/or operators of the premises and of the heavy truck that caused Plaintiff's injuries, and the vehicle plaintiff was installing the cameras, had these premises and vehicles under its exclusive, care, custody and control. As owner and/or operator of the shop and/or warehouses in Caguas, defendants had a non-delegable duty to keep the premises, including the shop and parking areas area and its surroundings in a reasonably safe

condition for its visitors, guest and personnel, and in compliance with the applicable laws, rules and regulations. Defendants breached this duty by failing to keep their premises in a reasonably safe condition, therefore, defendants are liable for plaintiff's damages.

24.     Plaintiff Mr. McBride injuries and damages were caused by the exclusive fault and/or negligence of defendant LUMA, SERVCO, JOHN DOE AND RICHARD ROE, CHUBB and UNIVERSAL and unknown defendants.

25.     Furthermore, no speed or warning sign was placed in the area to avoid the collision.

26.     It was foreseeable that the failure to exercise due diligence, as was the case herein, would lead to accidents and damages such as those suffered by plaintiff.

27.     All the above damages were directly and proximately caused by the aforementioned negligence of Defendants and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff.

28.     All defendants are jointly and severally liable to plaintiff for the damages.

## THE DAMAGES

### FIRST CAUSE OF ACTION FOR PLAINTIFF MR. DANIEL McBride
### PHYSICAL INJURIES

29.     As a result of the incident plaintiff Mr. McBride suffered trauma in his head, neck, right shoulder, right foot, and right hip. Furthermore, Mr. McBride on April 24, 2024, had to be taken by ambulance to the Centro Medico emergency room in San Juan to receive medical tests and treatment. Mr. McBride was given pain relief medication. On April 27, 2024, as Mr. McBride pain and lack of mobility got worst, he visited St. Mary's hospital emergency room in Tucson, Arizona. On May 15, 2024, Mr.

McBride has a follow up evaluation in Marana Health Center. Thereafter on June 11, 2024, Mr. McBride was treated again in St. Mary's hospital ER in Tucson, AZ, due to symptoms of swelling of his face and increased cranial pressure, with a follow up visit on June 12, 2024, in Marana Health Center due to swelling, which he visited again on July 17, 2024, for follow up.

30.    Additionally, Mr. McBride has received physical therapies in ATI Clinics since June 4, 2024, to the present.

31.    Furthermore, Mr. McBride suffered scars on his skin and permanent physical impairment to be determined by an expert.

32.    As a result of the traumas causing excruciating pain, plaintiff Mr. McBride continues to experience pain and discomfort and medical treatment.

33.    Plaintiff Mr. McBride's physical damages as a result of the accident due to defendants' negligence is reasonably estimated at a sum not less than ONE MILLION DOLLAR ($ 1,000,000.00)

### SECOND CAUSE OF ACTION FOR PLAINTIFF MR. McBRIDE's DAMAGES FOR MENTAL AND MORAL ANGUISH

34.    The accident ruined the plaintiff's life.  Plaintiff Mr. McBride experienced and continues to experience distress and despair as a result of an accident that has affected his everyday life, and that should not have happened. Mr. McBride experienced and continue experiencing severe pain and suffering, distress, despair, embarrassment, loss of consortium, humiliation, loss of enjoyment of life, discomfort, disability, disfigurement; and mental and moral anguish, and symptoms like PTSD, all of which are continuing now and will continue permanently in the future. As a result of the foregoing, plaintiff has been incurred in a sum of not less than FIVE HUNDREND THOUSAND DOLLARS ($500,000.00).

## THIRD CAUSE OF ACTION FOR MR. MCBRIDE's ECONOMIC DAMAGES.

35.    As a result of the incident plaintiff Mr. McBride has suffered significant economic damage and loss of income, including without limitation to:

a.    The remainder of the contract was canceled due to his injuries: approximately for the amount of Twenty Thousand One Hundred and Sixty Dollars ($20,160.00).

b.    The loss of earnings due to inability to work on several contract opportunities due to his injuries. Most of his contracts average anywhere from $2,000-$4,000 a week, just depending on the job and what it entails, for an amount in excess of Eighty Thousand Dollars ($80,000.00).

c.    His car has been repossessed.

d.    Mr. McBride's payment of rent, phone, utility, water, gas, and trash bills have been late and or are currently behind, because his fiancé is not able to pay all the bills with her salary alone.

e.    Mr. McBride has fallen behind on the agreed amount that he helps to support his children for an amount of, which continues to increase as the time elapse.

f.    Mr. McBride has dental work that needs to be done; however, he is unable to pay the portion of payment that is required.

g.    Future and continued loss of earnings and income in an estimated amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

h.    Plaintiff has already suffered damages in medical costs and bills in a sum of more than TWO THOUSAND DOLLARS ($2,000.00);

      i.      The payment of future medical care in a sum of more than TWENTY-FIVE THOUSAND DOLLARS ($25,000.00).

      j.      Due to the above, Plaintiff Mr. McBride's reputation has been lost with an estimated amount of damages of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

      k.      Mr. McBride credit has been affected as he has been unable to pay his duties all which has affected him in a sum not less than ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000).

      l.      Mr. McBride has spent out of pocket expenses for the amount in excess of TWO THOUSAND DOLLARS ($2,000.00).

      m.      Lowered quality of life; and

      n.      other special damages to be incurred until his rehabilitation.

## COUNT II

## LIABILITY OF CHUBB, UNIVERSAL AND "A" "B" & "C" INSURANCE COMPANIES

36.    Under the laws of Puerto Rico, insurance companies CHUBB and UNIVERSAL as insurer of defendants and/or any of the other defendants are jointly and severally liable for the negligent omissions of its insured, and is, therefore, liable to plaintiffs.

37.    Under the laws of Puerto Rico, unknown defendants "A, B and C Insurance Companies, as insurers of defendants and/or any of the other unknown defendants are jointly and severally liable for the negligent omissions of its insured, and is, therefore, liable to plaintiffs.

38.     Plaintiff requests that punitive damages be entered against defendants in favor of plaintiff for the amount of Fifty Thousand Dollars ($50,000.00).

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment for plaintiff and against defendants, jointly and severally, for the relief demanded in the complaint, including punitive damages with imposition of attorneys' fees and costs.

**RESPECTFULLY SUBMITTED** this 3rd day of  December, 2024.

| | |
|---|---|
| | **Charles Gomez Law Office, LLC**<br><br>P.O. Box 1360<br>Trujillo Alto, P.R. 00977<br>Tel. (787)-662-0178<br>Fax. (787)-724-6780<br><br>*s/ Francisco L. Charles*<br><br>USDC-PR-303211<br>fcharleslaw@gmail.com |