IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANIEL M. McBRIDE<br><br>Plaintiff<br><br>v.<br><br>LUMA ENERGY, LLC; LUMA ENERGY SERVCO, LLC; CHUBB INSURANCE COMPANY; UNIVERSAL INSURANCE COMPANY; JOHN DOE; RICHARD ROE a to z; "A", "B" AND "C" INSURANCE; et. al<br><br>Defendants | CIVIL NO. 24-1554 (MAJ) |

## LUMA'S ANSWER TO THE COMPLAINT

**TO THE HONORABLE COURT:**

Come now the co-defendants LUMA Energy, LLC (individually, "ManageCo") and LUMA Energy Servco, LLC (individually "ServCo") (jointly referred to as "LUMA"), through the undersigned counsel, and respectfully state and pray:

**I.     THE PARTIES[1]**

1.     Paragraph 1 of the Complaint is denied for lack of information sufficient to form a belief as to the truthfulness of the allegations.

2.     As to Paragraph 2 of the Complaint, it is admitted that ManageCo is a business entity organized under the laws of Puerto Rico and with its principal place of business in this jurisdiction. The rest of Paragraph 2 is denied as drafted. It is affirmatively alleged that ManageCo and ServCo jointly operate LUMA's facilities and vehicles.

---

[1]     For ease of reference, we use the same headings used in the Complaint, albeit without admitting that such headings are correct or that they assert any matter truthfully. Any allegations regarding LUMA's liability in the headings of the Complaint is expressly denied.

3.      As to Paragraph 3 of the Complaint, it is admitted that ServCo is a business entity organized under the laws of Puerto Rico and with its principal place of business in this jurisdiction. The rest of Paragraph 3 is denied as drafted. It is affirmatively alleged that ManageCo and ServCo jointly operate LUMA's facilities and vehicles.

4.      Paragraph 4 of the Complaint does not refer to the appearing Defendants and therefore does not require a responsive allegation. If required, it is denied.

5.      Paragraph 5 of the Complaint does not refer to the appearing Defendants and therefore does not require a responsive allegation. If required, it is denied.

6.      Paragraph 6 of the Complaint does not refer to the appearing Defendants and therefore does not require a responsive allegation. If required, it is denied.

7.      Paragraph 7 of the Complaint does not refer to the appearing Defendants and therefore does not require a responsive allegation. If required, it is denied.

8.      Paragraph 8 of the Complaint does not refer to the appearing Defendants and therefore does not require a responsive allegation. If required, it is denied.

**II.    JURISDICTION**

9.      Paragraph 9 of the Complaint is a legal conclusion and, therefore, no responsive allegation is required. To the extent one is required, the appearing Defendants do not contest subject matter jurisdiction at this time, based on the face of the complaint, and for purposes of this action only.

**III.   FACTUAL ALLEGATIONS TO ALL DEFENDANTS**

10.     Paragraph 10 of the Complaint is denied for lack of information sufficient to form a belief as to the truthfulness of the allegations.

1617037470.2

11. As to Paragraph 11 of the Complaint, it is admitted that, on or around 9:00 p.m. of April 24, 2024, the plaintiff, Daniel McBride ("McBride" or the "plaintiff") suffered a workplace accident while performing work at the Caguas Repair Shop operated by LUMA. The rest of Paragraph 11 of the Complaint is denied as drafted. LUMA affirmatively alleges that McBride was performing work pursuant to his employment relationship with Elite Tech Install ("Elite") who was a subcontractor of Motive Technologies, Inc. ("Motive Technologies"). Motive Technologies was a contractor of LUMA. The Master Services Agreement between LUMA and Motive Technologies concerned the installation of GPS Telematics Services in LUMA operated vehicles. At the time of the work-related accident, McBride was installing technology pursuant to the above referenced agreement. Consequently, LUMA is a statutory employer under the Puerto Rico Workers' Compensation Act, Act No. 45 of April 18, 1935, P.R. Ann. Stat. Tit. 11 §§ 1 *et. seq.* ("PRWCA"). As such, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident. Therefore, the Complaint and the claims contained in this action are frivolous and unwarranted.

12. As to Paragraph 12 of the Complaint, it is admitted that on or around 9:00 p.m. of April 24, 2024, the plaintiff suffered a workplace accident while performing work at the Caguas Repair Shop operated by LUMA. The rest of Paragraph 12 of the Complaint is denied as drafted. The appearing Defendants affirmatively alleged that, as described in the response to Paragraph 11 of the Complaint, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident. Therefore, the Complaint and the claims contained in this action are frivolous and unwarranted.

13. Paragraph 13 of the Complaint is denied as drafted.

14.     Paragraph 14 of the Complaint is denied. Because this was a workplace accident, McBride was taken to the Industrial Hospital in Río Piedras. Additionally, the Police Report of the accident stated that McBride did not have any visible injury. *See* **Docket No. 20-2**, page 13, sections 205 and 225. In any case, as described in the response to Paragraph 11 of the Complaint, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident.

15.     Paragraph 15 of the Complaint is denied for lack of information sufficient to form a belief as to the truthfulness of the allegations. The appearing Defendants affirmatively allege that, as described in the response to Paragraph 11 of the Complaint, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident. Therefore, the Complaint and the claims contained in this action are frivolous and unwarranted.

16.     Paragraph 16 of the Complaint is denied for lack of information sufficient to form a belief as to the truthfulness of the allegations. The appearing Defendants affirmatively allege that, as described in the response to Paragraph 11 of the Complaint, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident. Therefore, the Complaint and the claims contained in this action are frivolous and unwarranted.

17.     Paragraph 17 of the Complaint is denied. The appearing Defendants affirmatively allege that, as described in the response to Paragraph 11 of the Complaint, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident. Therefore, the Complaint and the claims contained in this action are frivolous and unwarranted.

## COUNT I - NEGLIGENCE OF CODEFENDANTS

18. Paragraph 18 of the Complaint requires no response because it only refers to the previous paragraphs of the Complaint. To the extent a responsive allegation is required, LUMA restates its allegations in response to Paragraphs 1-17 of the Complaint in this Answer.

19. Paragraph 19 of the Complaint is a matter of law that does not require a response. To the extent that a response is required, LUMA denies any liability for the claims included in the Complaint. The appearing Defendants affirmatively allege that LUMA complied with the obligations imposed by law and did not negligently or purposely cause the workplace accident alleged in the Complaint. The appearing Defendants affirmatively alleged that, as described in the response to Paragraph 11 of the Complaint, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident. Therefore, the Complaint and the claims contained in this action are frivolous and unwarranted.

20. Paragraph 20 of the Complaint constitutes opinions, arguments, and conclusions of law rather than factual assertions, and, therefore, require no response. If a response is required, the appearing Defendants deny Paragraph 20 of the Complaint. The appearing Defendants affirmatively allege that LUMA complied with the obligations imposed by law and did not negligently or purposely cause the workplace accident alleged in the Complaint. Furthermore, and in the alternative, even if this Court finds that LUMA acted negligently, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident under the statutory employer doctrine.

21. Paragraph 21 of the Complaint constitutes opinions, arguments, and conclusions of law rather than factual assertions, and, therefore, require no response. If a response is required, the appearing Defendants deny Paragraph 21 of the Complaint. The appearing Defendants

affirmatively allege that LUMA complied with the obligations imposed by law and did not negligently or purposely cause the workplace accident alleged in the Complaint. Furthermore, and in the alternative, even if this Court finds that LUMA acted negligently, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident under the statutory employer doctrine.

22. As to Paragraph 22 of the Complaint, LUMA admits that it operates the vehicles involved in the collision. The rest of Paragraph 22 of the Complaint is denied. The appearing Defendants affirmatively allege that LUMA complied with the obligations imposed by law and did not negligently or purposely cause the workplace accident alleged in the Complaint. Furthermore, and in the alternative, even if this Court finds that LUMA acted negligently, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident under the statutory employer doctrine.

23. As to Paragraph 23 of the Complaint, LUMA admits that it operates the premises where the accident happened, and the vehicles involved in the collision. The rest of Paragraph 23 of the Complaint is denied. The appearing Defendants affirmatively allege that LUMA complied with the obligations imposed by law and did not negligently or purposely cause the workplace accident alleged in the Complaint. Particularly, LUMA asserts that it keeps the premises it operates in reasonably safe conditions. Furthermore, and in the alternative, even if this Court finds that LUMA acted negligently, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident under the statutory employer doctrine.

24. Paragraph 24 of the Complaint is denied. The appearing Defendants affirmatively allege that LUMA complied with the obligations imposed by law and did not negligently or purposely cause the workplace accident alleged in the Complaint. Furthermore, and in the

alternative, even if this Court finds that LUMA acted negligently, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident under the statutory employer doctrine.

25. Paragraph 25 of the Complaint is denied as drafted.

26. Paragraph 26 of the Complaint is denied. The appearing Defendants complied with all legal requirements, including all applicable safeguards and safety regulations relating to the work being performed at the time.

27. Paragraph 27 of the Complaint is denied. The appearing Defendants affirmatively allege that LUMA complied with the obligations imposed by law and did not negligently or purposely cause the workplace accident alleged in the Complaint. Furthermore, and in the alternative, even if this Court finds that LUMA acted negligently, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident under the statutory employer doctrine.

28. Paragraph 28 of the Complaint is denied. The appearing Defendants affirmatively allege that LUMA complied with the obligations imposed by law and did not negligently or purposely cause the workplace accident alleged in the Complaint. Furthermore, and in the alternative, even if this Court finds that LUMA acted negligently, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident under the statutory employer doctrine.

## THE DAMAGES

### FIRST CAUSE OF ACTION FOR PLAINTIFF MR. DANIEL MCBRIDE
### PHYSICAL INJURIES

29. Paragraph 29 of the Complaint is denied for lack of information sufficient to form a belief as to the truthfulness of the allegations. The appearing Defendants affirmatively allege

that, as described in the response to Paragraph 11 of the Complaint, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident. Therefore, the Complaint and the claims contained in this action are frivolous and unwarranted.

30.     Paragraph 30 of the Complaint is denied for lack of information sufficient to form a belief as to the truthfulness of the allegations. The appearing Defendants affirmatively allege that, as described in the response to Paragraph 11 of the Complaint, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident. Therefore, the Complaint and the claims contained in this action are frivolous and unwarranted.

31.     Paragraph 31 of the Complaint is denied for lack of information sufficient to form a belief as to the truthfulness of the allegations. The appearing Defendants affirmatively allege that, as described in the response to Paragraph 11 of the Complaint, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident. Therefore, the Complaint and the claims contained in this action are frivolous and unwarranted.

32.     Paragraph 32 of the Complaint is denied for lack of information sufficient to form a belief as to the truthfulness of the allegations. The appearing Defendants affirmatively allege that, as described in the response to Paragraph 11 of the Complaint, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident. Therefore, the Complaint and the claims contained in this action are frivolous and unwarranted.

33.     Paragraph 33 of the Complaint is denied. The amounts claimed are exaggerated. Furthermore, LUMA is not liable for any of the claims made in the Complaint. LUMA complied with the obligations imposed by law, and did not negligently or purposely cause the workplace accident alleged in the Complaint. Furthermore, and in the alternative, even if this Court finds that

LUMA acted negligently, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident under the statutory employer doctrine.

### SECOND CAUSE OF ACTION FOR THE PLAINTIFF MR. MCBRIDE'S DAMAGES FOR MENTAL AND MORAL ANGUISH

34. Paragraph 34 of the Complaint is denied. The appearing Defendants affirmatively allege that LUMA complied with the obligations imposed by law and did not negligently or purposely cause the workplace accident alleged in the Complaint. Furthermore, as described in the response to Paragraph 11 of the Complaint, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident. Therefore, the Complaint and the claims contained in this action are frivolous and unwarranted.

### THIRD CAUSE OF ACTION FOR MR. MCBRIDE'S ECONOMIC DAMAGES.

35. Paragraph 35 of the Complaint is denied. The appearing Defendants affirmatively allege that LUMA complied with the obligations imposed by law and did not negligently or purposely cause the workplace accident alleged in the Complaint, and, therefore, is not responsible for any damages that McBride may have suffered. Furthermore, as described in the response to Paragraph 11 of the Complaint, LUMA is immune from liability for any action which attempts to recover any damages caused by this workplace accident. Therefore, the Complaint and the claims contained in this action are frivolous and unwarranted.

### COUNT II LIABILITY OF CHUBB, UNIVERSAL AND "A" "B" & "C" INSURANCE COMPANIES

36. Paragraph 36 of the Complaint does not refer to the appearing Defendants and therefore does not require a responsive allegation. If required, it is denied.

37. Paragraph 37 of the Complaint does not refer to the appearing Defendants and therefore does not require a responsive allegation. If required, it is denied.

38. Paragraph 38 of the Complaint is denied. The plaintiff is not entitled to any such punitive damages.

39. All paragraphs and statements that have not been expressly admitted, including the Prayer for Relief of the Complaint, are denied.

## AFFIRMATIVE DEFENSES

A. LUMA reaffirms and reiterates all previous allegations in this Answer.

B. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

C. The allegations contained in the Complaint do not justify the granting of relief.

D. The Complaint's allegations are insufficient and ambiguous.

E. Plaintiff is acting recklessly in bringing an unmeritorious claim against LUMA. Therefore, he is obligated to pay costs and attorney's fees to LUMA.

F. LUMA did not engage in any culpable or negligent act or omission.

G. LUMA acted diligently.

H. LUMA did not act arbitrarily or capriciously or with intent to cause any damage.

I. LUMA has acted at all times in good faith and without malice.

J. The appearing parties have immunity against all claims under the PRWCA.

K. LUMA is immune from any and all allegations of damages since it is covered as a statutory employer by the PRWCA.

L. Due to the immunity granted by the PRWCA, the plaintiff does not have a cause of action against LUMA.

M. On January 30, 2025, LUMA filed a Motion to Dismiss the Complaint. *See* **Docket No. 20.** LUMA argued that it is immune from liability under the PRWCA and requested dismissal of all claims. LUMA reiterates and restates all allegations and claims made in the Motion to

1617037470.2

Dismiss and reiterates and restates that the above captioned Complaint should be dismissed with prejudice, and that costs should be awarded to the appearing defendants.

N. The incidents complained of in the Complaint did not occur or the description of such events is incomplete, inaccurate, and biased.

O. Plaintiff did not suffer the alleged damages and/or losses as described in the Complaint.

P. LUMA complied with its legal and safety duties in relation to the work being performed by all parties involved at the time of the workplace accident.

Q. The alleged accident was due to the negligence of third parties unrelated to LUMA.

R. McBride was concurrently negligent and acted without the care expected of a prudent and reasonable person.

S. Plaintiff did not mitigate his alleged damages.

T. The damages claimed in the Complaint are speculative, excessive, unjustified and unreasonable.

U. The Complaint fails to state a valid claim for the Plaintiff to recover compensation for the workplace accident suffered by McBride.

V. Plaintiff's damages have been covered, in whole or in part, by insurance policies or other sources. Any award should be reduced in proportion to the actual damages suffered.

W. Unjust Enrichment. This defense is included so as not to be construed as waived.

X. Unclean hands. This defense is included so as not to be construed as waived.

Y. Impediment, incapacity, own acts. This defense is included so that it is not understood that it has been waived.

Z. Lack of indispensable party that may be liable for the damages allegedly suffered by the Plaintiff.

AA. Article 1536 of Puerto Rico Civil Code of 2020 states that, in order to imposes civil liability in favor of a plaintiff, the plaintiff must establish: (1) the reality of the damage suffered; (2) the causal link between the damage and the act or omission of another person, and (3) that the act or omission imputed is culpable or negligent. Plaintiff has not made plausible allegations to that end.

BB. Negligence arises from the failure to anticipate damages a reasonable and prudent person would rationally foresee would result from its own actions and omissions inasmuch as damages by themselves do not give rise to a claim. Negligence ensues if the injuries could be foreseen or reasonably anticipated by a reasonable and prudent person. *Rivera Santiago v. U.S.*, 2009 EL 702235 (D.P.R. 2009) (quoting *Colón González v. Kmart*, 154 DPR 510 (2001)). Liability under the Puerto Rico Civil Code, governing tort liability for damages caused by negligence or fault, cannot rest on the existence of an injury alone. *Irvine v. Murad Skin Research Laboratories*, 194 F. 3d 313, 322 (1st Cir. 1999).

CC. Any allegation in the Complaint not expressly admitted is deemed to be denied.

DD. LUMA reserves the right to assert, at any time, any additional defenses that may arise from the discovery to be conducted in this case and does not waive any defenses it may have raised heretofore.

EE. LUMA reserves the right to amend any allegations and affirmative defenses in this Answer.

FF. LUMA reserves the right to file a counterclaim or cross-claim.

**WHEREFORE**, Defendants respectfully request that Plaintiff's Complaint against LUMA be dismissed in its entirety with prejudice.

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY**, that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all relevant parties.

In San Juan, Puerto Rico, this 20th day of February, 2025.



**DLA Piper (Puerto Rico) LLC**
500 Calle de la Tanca, Suite 401
San Juan, PR 00901-1969
Tel. 787-945-9122 / 787-945-9106 / 787-945-9134
Fax 787-236-0476 / 939-697-6141 / 939-731-4012

/s/Margarita Mercado Echegaray
Margarita Mercado Echegaray
USDC-PR No. 228901
margarita.mercado@us.dlapiper.com

/s/ Mariana Muñiz Lara
Mariana Muñiz Lara
USDC-PR No. 231,706
mariana.muniz@us.dlapiper.com

/s/Daniel Brown Sáenz
Daniel Brown Sáenz
USDC-PR No. 229601
daniel.brown-saenz@us.dlapiper.com