IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DANIEL M. McBRIDE
**Plaintiff**

v.                                                    Civil No.: 24-01554 (MAJ)

LUMA ENERGY, LLC, et al.
**Defendants**

**ANSWER TO COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW defendant Chubb Insurance Company of Puerto Rico, Inc. ("Chubb"), through the undersigned, and very respectfully states, alleges, and prays:

I.        THE PARTIES

1.        Denied for lack of information.

2.        The first sentence is admitted. The second sentence is denied for lack of information.

3.        The first sentence is admitted. The second sentence is denied for lack of information.

4.        This refers to an unknown person, which requires no response.

5.        This refers to an unknown person, which requires no response.

6.        The first sentence is admitted. As to the second sentence, Chubb admits having an insurance policy in force, and denies the rest. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at Docket No. 23.

7.        This refers to a former defendant (Universal Insurance Company), which requires no response.

8.    This refers to an unknown person, which requires no response.

## II.    JURISDICTION

9.    This is a proposition of law regarding the Court's jurisdiction, which requires no response. Should one be required, jurisdiction is denied at this time.

### IV. [sic]    FACTUAL ALLEGATIONS TO ALL DEFENDANTS

10.    Denied for lack of information. In any event, Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

11.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

12.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

13.    Denied for lack of information. In any event, Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

14.    Denied for lack of information.

15.    Denied for lack of information. In any event, Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

16.     Denied for lack of information. In any event, Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

17.     Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

COUNT I
[ALLEGED] NEGLIGENCE OF CODEFENDANTS

18.     The preceding paragraphs are incorporated herein.

19.     This is a legal proposition, which requires no response. In any event, Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

20.     Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

21.     Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

22.     Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

23.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

24.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

25.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

26.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

27.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

28.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

THE [ALLEGED] DAMAGES
FIRST CAUSE OF ACTION FOR […] PHYSICAL INJURIES

29.    Denied for lack of information. In any event, Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

30.    Denied for lack of information. In any event, Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

31.    Denied for lack of information. In any event, Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

32.    Denied for lack of information. In any event, Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

33.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

### SECOND CAUSE OF ACTION FOR PLAINTIFF […] [ALLEGED] MENTAL AND MORAL ANGUISH

34.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

THIRD CAUSE OF ACTION FOR MR. MCBRIDE's [ALLEGED] ECONOMIC DAMAGES

35.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

COUNT II
[ALLEGED] LIABILITY OF CHUBB […]

36.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

37.    This refers to an unknown person, which requires no response.

38.    Denied. Chubb affirmatively alleges that the *Complaint* recounts a workplace accident that bars all claims for damages. Chubb realleges and incorporates herein the lack of coverage arguments in its *Motion to Dismiss*, at #23.

AFFIRMATIVE DEFENSES

A.    Each affirmative allegation above is incorporated here by reference as an affirmative defense, as if every affirmative allegation were each individually transcribed below.

B.    Assumption of risk.

C.    Contributory negligence.

D.    Failure to mitigate damages.

E.    Duress.

F.    Estoppel.

G.    Laches.

H.    The insured(s) did not incur in fault or negligence.

I.    Release.

J.    Waiver.

K.    The *Complaint* fails to state a claim which would entitle Plaintiff to legal relief.

L.    Chubb reserves the right to complement or otherwise amend these affirmative defenses, should pertinent information arise during discovery.

WHEREFORE, defendant Chubb respectfully requests the Honorable Court to dismiss the *Complaint*, with prejudice.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY having filed today the original of this document through the CM/ECF system, which automatically notifies a faithful and exact copy to the attorneys of record.

In San Juan, Puerto Rico, on February 20, 2025.

*s/ Héctor Benítez Arraiza*
Héctor Benítez Arraiza, Esq. – USDCPR 221509
898 Muñoz Rivera, PS6 - 3rd Floor, SJ 00927
P.O. Box 6667, San Juan, PR 00914-6667
hba@bapclegal.com & hbarraiza@gmail.com
(787) 640-0192

- 7 -