UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DANIEL M. MCBRIDE**<br><br>*Plaintiff,*<br><br>v.<br><br>**LUMA ENERGY, LLC.; et al.**<br><br>*Defendants.* | Case No. 24-cv-1554 (MAJ) |

**OPINION AND ORDER**

### I.   Background

Plaintiff Daniel McBride of Arizona filed this diversity action on December 3, 2024 against LUMA Energy, LLC and LUMA Energy Servco, LLC (jointly referred to as "LUMA") and their insurer, Chubb Insurance Company ("Chubb"), along with several unnamed defendants and insurance companies. (**ECF 1**). Plaintiff alleges one count of negligence under Puerto Rico law, and seeks damages for his physical injuries, mental anguish, lost earnings, and other economic losses arising from the incident. Pending before the Court are two Motions to Dismiss filed by LUMA and Chubb. For the reasons given below, LUMA's Motion to Dismiss is **DENIED**, and Chubb's Motion to Dismiss is **GRANTED**.

According to the Complaint, the relevant incident occurred on April 24, 2024. (**ECF 1 at 3 ¶ 11**).[1] Plaintiff was inside a 2004 Chevrolet pick-up truck ("the Chevy")

---

[1]   For the purposes of resolving the instant Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Courts accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the Plaintiff. *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009).

parked at a LUMA facility in Caguas, Puerto Rico. (**Id. at 3 ¶ 11**). At the moment of the incident, Plaintiff was kneeling on the floor inside the Chevy, installing a camera system. (**Id.**). Suddenly, a large truck driven by a LUMA employee ("the Heavy Truck") collided with the Chevy. (**Id.**). Plaintiff alleges that the LUMA employee was driving carelessly and without a proper license to operate the vehicle. (**Id. at 4 ¶¶ 12–13**). As a result of the collision, Plaintiff sustained serious injuries. (**Id. at 4 ¶¶ 14–17**).

Defendant LUMA moved to dismiss the case, arguing that Plaintiff has failed to state a claim against LUMA because LUMA is immune from suit under Puerto Rico's statutory employer doctrine. (**ECF 20**). Specifically, LUMA alleges that at the time of the incident, Plaintiff was an employee of a company called Elite Tech Install ("Elite"). (**ECF 20 at 7 ¶ 9**). According to LUMA, Elite was in turn hired by a company called Motive Technologies, Inc. ("Motive") "to perform the physical work in Puerto Rico." (**Id. at ¶ 11**). LUMA further alleges that Motive, in turn, had been contracted by LUMA "to provide for the delivery, installation, and training for hardware and software Global Positioning System Telematics tracking for Luma's fleet of Vehicles and Equipment." (**Id. at ¶ 10**). According to LUMA, Elite had purchased a qualifying Workmen's Compensation Insurance Policy as required under Puerto Rico law. (**Id. at ¶ 11**). In order to make out their theory of immunity, LUMA attached over one hundred pages of exhibits to their Motion to Dismiss.[2]

Plaintiff responded to LUMA's Motion to Dismiss, (**ECF 41**), and LUMA replied. (**ECF 45**). Defendant Chubb separately moved to dismiss, arguing that the relevant

---

[2] These exhibits purport to be: the entrance log for the LUMA facility on the date of the incident (**ECF 20-1**); a police report from the date of the incident (**ECF 20-2**); an incident report prepared by Elite regarding the incident (**ECF 20-3**); a copy of the contract between LUMA and Motive (**ECF 20-4**); a letter from Motive stating that Motive had hired Elite to perform work for Motive in Puerto Rico (**ECF 20-5**); and an insurance policy purchased by Elite (**ECF 20-6**).

Chubb insurance policy excluded coverage for incidents like Plaintiff's. (**ECF 23**). Plaintiff responded to this motion, (**ECF 41**), Chubb replied, (**ECF 47**), and Plaintiff filed a sur-reply. (**ECF 59**).

The Court now finds that Plaintiff has stated a plausible claim against LUMA, but has failed to state a claim upon which relief can be granted against Chubb. LUMA's Motion to Dismiss is therefore **DENIED**, and Chubb's Motion to Dismiss is **GRANTED**.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6), in turn, allows a defendant to move to dismiss any complaint which fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When addressing a motion to dismiss under Rule 12(b)(6), courts must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009). A complaint need not contain "detailed factual allegations," but must contain enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A plaintiff's factual allegations must "nudge their claims across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 67 (2009) (citing *Twombly*, 550 U.S. at 570); *see also Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)

Generally speaking and with limited exceptions, at the motion to dismiss stage courts should not consider any documents "not attached to the complaint, or not expressly incorporated therein." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). If a court does consider evidence extrinsic to the pleadings, the motion to dismiss is converted to a

motion for summary judgment. FED. R. CIV. P. 12(d).

An affirmative defense may be raised in a motion to dismiss, "provided that the facts establishing the defense are clear 'on the face of the plaintiff's pleadings.'" *Santana-Castro v. Toledo-Davila*, 579 F.3d 109, 113–14 (1st Cir. 2009) (quoting *Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir. 2001). Granting a motion to dismiss based on an affirmative defense is appropriate only if "the facts that establish the defense [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003); *see also Zenón v. Guzmán*, 924 F. 3d 611, 616 (1st Cir. 2019) (dismissal based on an affirmative defense is appropriate "when the facts establishing the defense appear within the four corners of the complaint, and upon review there is 'no doubt' that the plaintiff's claim is barred by the raised defense.").

### III. LUMA's Motion to Dismiss

Plaintiff's Complaint brings a straightforward claim for negligence. Defendant LUMA has moved to dismiss the Complaint, arguing that LUMA is immune from claims arising out of work-related injuries. (**ECF 20 at 8**). But nowhere within the four corners of the Complaint does Plaintiff suggest that he seeks compensation for a workplace injury, nor that he is or has ever been an employee of LUMA. Defendant LUMA's Motion to Dismiss is therefore **DENIED**.

The Complaint states a claim of negligence under Puerto Rico's general tort statute, Article 1536 of the Puerto Rico Civil Code of 2020. (**ECF 1 at 5 ¶ 19**) (citing 31 P.R.L.A. § 10801). To succeed on an action for negligence under this statute, a plaintiff must prove "a breach of defendant's duty of care, an injury or damage, and a causal nexus that links

the first two elements." *Dumanian v. FirstBank P.R.*, 22-cv-1543, 2024 WL 197429, at *3 n.5 (D.P.R. Jan. 17, 2024). To survive a motion to dismiss, Plaintiff need only plausibly allege facts which support each of these elements. *See, e.g., Gargano*, 572 F.3d at 49.

Plaintiff has plausibly alleged facts regarding each element of negligence. With respect to the duty element, Plaintiff states that Defendants had a duty to use reasonable care while driving the heavy truck. (**ECF 1 at 5 ¶ 20**); *see also* (**Id. at 6–7 ¶ 23**) ("defendants had a non-delegable duty to keep the premises . . . in a reasonably safe condition for its visitors, guests and personnel, and in compliance with the applicable laws, rules and regulations.") Plaintiff alleges that LUMA breached this duty to Plaintiff when its employee engaged in "careless driving and unsafe driving behavior" without a valid heavy vehicle license. (**Id. at 4 ¶¶ 12, 13**). Plaintiff also states clearly that he suffered actual injuries, and that the breach of duty by LUMA was the cause of his injuries. (**Id. at 4 ¶ 12**).

Defendant LUMA argues in its Motion to Dismiss that it is immune from the instant suit under the "statutory employer" doctrine. Under Puerto Rico law, if an employee suffers a work-related injury, and the employer is insured according to the provisions of the Puerto Rico Workmen's Accident Compensation Act, the employer is immune from suit. *See* 11 P.R.L.A. §§ 1 *et seq.*; *Correa-Pagán v. Gulf Chem. Corp.*, 224 F. Supp. 2d 393, 396 (D.P.R. 2002); *see also Sociedad Legal de Gananciales v. Royal Bank de P.R.*, 145 D.P.R. 178, 195 (P.R. 1998). This immunity extends to entities who are not technically employers but are "nevertheless deeply involved in the employer-employee relationship," such as principal contractors who have subcontracted with a plaintiff's real employer. *González-Pérez v. Harley Marine Fin. LLC,* 22-cv-1519, 2024 WL 3378269, at *6 (D.P.R. July 11, 2024). Puerto Rico courts use the term "statutory employer" "to refer

to the principal contractor and to distinguish him from the . . . the real or contractual employer of an employee . . . ." *Id.* (quoting *Santiago Hodge v. Parke Davis & Co.*, CT-88-615 (P.R. 1990), *reprinted in* 909 F.2d 628, 637) (hereinafter, "*Santiago Hodge PR*").

According to LUMA's Motion to Dismiss, LUMA is Plaintiff's statutory employer and is thus immune from any suit for damages arising out of any workplace injury suffered by Plaintiff. Generally, "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under [Federal] Rule [of Civil Procedure] 56." *Watterson*, 987 F.2d at 3. Courts have made "narrow exceptions" in certain cases, "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint." *Id*. None of these circumstances is present here: the documents attached to LUMA's motion to dismiss are not official public records, nor is their authenticity accepted by Plaintiff. (**ECF 41 at 6**). Defendant has not explained whether it believes these documents are "incorporated" into the Complaint, "referred to" in the Complaint, or "central to Plaintiff's claim." At most, LUMA states in a conclusory manner that consideration of the attached documents is proper because "the Complaint refers to specific facts that require the interpretation and evaluation of the relationship between the parties." (**ECF 20 at 6 n.3**).

The Court does not agree. Though courts have sometimes applied the statutory employer immunity doctrine at the motion to dismiss stage, they have done so in cases where it was "clearly established" that the defendant met the elements to be considered a qualified statutory employer. *See Aldarondo v. Ivan's Const., Inc.*, 2012 WL 6044731, at *4 (D.P.R. Dec. 5, 2012); *see also In re Colonial Mortgage Bankers Corp.*, 324 F.3d at 16)

(granting a motion to dismiss based on an affirmative defense is appropriate only where "the facts that establish the defense [are] definitively ascertainable from the allegations of the complaint . . . and other matters of which the court may take judicial notice."). This is not such a situation. LUMA's theory of immunity is only available if LUMA is Plaintiff's statutory employer, a fact which is far from "clearly established" by the four corners of the Complaint, nor "definitively ascertainable" from the facts contained therein. The Court will therefore not consider the extrinsic documents at the Motion to Dismiss stage.

Even if the Court were to consider the attached documents, thereby converting the instant motion into a Motion for Summary Judgment under Federal Rule of Civil Procedure 12(d), the evidence therein fails to establish as a matter of law that LUMA is entitled to statutory employer immunity in this case. Determining whether a defendant is a statutory employer is a mixed conclusion of law and fact which primarily depends on the nature of the contractual relationship between the defendant and the plaintiff's actual employer. *SLG Ortiz Jiménez v. Rivera Núñez*, 194 D.P.R. 936, 943 (P.R. 2016). Courts must closely analyze "the nature and terms of the contractual relationship" between a defendant and the plaintiff's real employer before extending immunity to the statutory employer. *See Vega-Mena v. United States*, 990 F.2d 684, 687 (1st Cir. 1993) (citing *Santiago Hodge PR,* 909 F.2d at 640). The "contractual relationship" between the plaintiff's employer and a defendant is "crucial" in determining whether to apply the statutory employer doctrine. *Santiago Hodge PR,* 909 F.2d at 640.

In other words, to hold that LUMA is Plaintiff's statutory employer, the Court must be able to analyze the nature and terms of each link in the alleged contractual chain between Plaintiff and LUMA. Yet LUMA has provided only one link in this chain: the contract between Motive and LUMA. (**ECF 20-4**). With respect to the relationship

between Motive and Elite, rather than provide the contract itself, LUMA attached an email from a representative of Motive stating that Motive has hired Elite to do the work provided for in Motive's contract with LUMA. (**ECF 20-5 at 1**). This informal communication falls far short of establishing as an undisputed material fact that a qualifying contractual relationship actually existed between Motive and Elite. Nor is the Court in a position to analyze the relationship between Elite and Plaintiff. In short, because questions of material fact remain regarding whether LUMA is the statutory employer of Plaintiff, summary judgment would not be appropriate at this stage.[3]

Because Plaintiff has adequately pled the elements of negligence, and LUMA has failed to establish that the affirmative defense of statutory employer immunity applies to the present case, LUMA's Motion to Dismiss is **DENIED**.

## IV. Chubb's Motion to Dismiss

With respect to Chubb, however, Plaintiff has failed to state a claim upon which relief can be granted. The allegations in the Complaint against Chubb are expressly contingent on the factual premise that Chubb "had in full force and effect an insurance policy covering . . . the damages claimed" in the Complaint. (**ECF 1 at 2 ¶ 6**). In other words, Chubb's liability in this case depends on the terms of its insurance policy with LUMA, and whether those terms provide coverage for the injuries at issue in this case. Where a "complaint's factual allegations are expressly linked to — and admittedly dependent upon — a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in

---

[3] The Court declines to address whether Defendant LUMA has established the remaining elements necessary to its immunity defense, namely that Plaintiff's injury was work-related and that at least one of the employers had purchased a qualifying insurance policy under the PRWACA. 11 P.R.L.A. § 2; *see also, e.g.*, *Correa-Pagán*, 224 F. Supp. 2d at 396.

deciding a motion to dismiss under Rule 12(b)(6)." *Perry v. New England Business Service, Inc.*, 347 F.3d 343, 354 n.2 (1st Cir. 2003) (quoting *Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)). Chubb has submitted a copy of its insurance policy with LUMA during the relevant period. (**ECF 23-1**). Plaintiff does not challenge the authenticity of this document. *See* (**ECF 41 at 10**). This insurance policy has therefore "merge[d]" into the pleadings, and the Court may properly consider it as evidence without converting Chubb's Motion into one for summary judgment.

Upon reviewing the insurance policy, it is clear that at least one exclusion therein applies to the incident in this case. The insurance policy excludes coverage for "Bodily injury . . . arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured." (**ECF 23-1 at 23**) (Exclusion "g" to Chubb's insurance policy with LUMA) (hereinafter, the "Auto Exclusion"). In his Complaint, Plaintiff alleges that his injury arose when the parked Chevy truck he was in was hit by the Heavy Truck driven by a LUMA employee. (**ECF 1 at 3–4 ¶ 11**) ("suddenly a large 2018 International heavy truck . . . that was driven by a LUMA supervisor . . . slammed in while careless driving with the . . . Chevy Colorado").

Reading the facts in the light most favorable to Plaintiff, as we must at the motion to dismiss stage, *Gargano*, 572 F.3d at 48, Plaintiff's claim clearly arises out of the "use" of a vehicle which was owned or operated by LUMA. The Auto Exclusion therefore applies. In his response to Chubb's Motion to Dismiss, Plaintiff argues that the Auto Exclusion does not apply, because the exclusion does not apply to situations where LUMA is "parking an 'auto' on, or on the way next to, premises [LUMA] own[s] or rent[s], provided the 'auto' is not owned by or rented or loaned to [LUMA] or the insured." (**ECF 41 at 10**) (citing exception 3 to Exclusion "g" to Chubb's insurance policy with LUMA, found at **ECF**

**23-1 at 23**). Yet Plaintiff never alleges in his complaint that the driver of the Heavy Truck was parking at the time of the incident. *See generally* (**ECF 1**). Nor does Plaintiff make such an allegation in his response to Chubb's Motion to Dismiss, nor even in his sur-reply. *See generally* (**ECF 41; 47**). The "parking" exception to the Auto Exclusion is therefore irrelevant to the instant case.

To the extent that Plaintiff may now want to argue that his injuries actually "arose" from something *other* than the use of a vehicle operated by LUMA he has failed to allege any facts which could plausibly support that his injury arose in any other way. As discussed above, Plaintiff has not alleged that LUMA's liability in this case arises because the incident was work-related or because LUMA was Plaintiff's employer. And if in fact Plaintiff were to concede those points, coverage for his injury would likely be excluded under Chubb's insurance policy Exclusion "d" (the Worker's Compensation exclusion) and/or Exclusion "e" (the Employer's Liability exclusion). (**ECF 23-1 at 21**); *see also* (**ECF 23 at 6**).

Given that Plaintiff's claim against Chubb expressly depends on whether Chubb "had in full force and effect an insurance policy covering . . . the damages claimed" in the Complaint, the Court may properly consider the terms of that insurance policy. (**ECF 1 at 2 ¶ 6**); *Perry*, 347 F.3d at 354 n.2. Because Plaintiff has failed to allege facts that would support that his injuries are covered by Chubb's insurance policy, the claims against Chubb are **DISMISSED** with prejudice.

V. Conclusion

For the reasons stated herein, Defendant LUMA's Motion to Dismiss is **DENIED**. Defendant Chubb Insurance Company's Motion to Dismiss is **GRANTED**. All claims against Defendant Chubb Insurance Company are hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of July, 2025.

                                        **/s/ María Antongiorgi-Jordán**
                                        **MARIA ANTONGIORGI-JORDAN**
                                        **UNITED STATES DISTRICT JUDGE**